IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>     Plaintiff,  )<br>  )<br>v.  )<br>  )<br>EDWARD THOMAS JUNG,  )<br>  )<br>     Defendant.  ) | No.  03 CR 172 |

## MEMORANDUM OPINION AND ORDER

This case was assigned to this Court's calendar post-trial and pre-sentencing in conjunction with the reassignment of a number of cases from the calendar of this Court's colleague Honorable Joan Lefkow to other judges of this District Court. After this Court had then received substantial input from counsel for defendant Edward Thomas Jung ("Jung") and for the government to supplement the thorough presentence investigation report provided by the probation officer assigned to the case, it imposed a sentence that included in part a custodial sentence for an aggregate term of 109 months.

As was indicated at the conclusion of the sentencing hearing, Jung's counsel has presented a submission in support of a request for release pending appeal--see 18 U.S.C. §3143(b) ("Section 3143(b)"). In turn the government has filed its response to that request, so that the issue is ripe for decision.

To begin with, one nonissue may be put aside: whether, as

called for in part by Section 3143(b)(1)(A), there is clear and convincing evidence that Jung is not likely to pose a danger to the safety of any other person or the community if released. No such risk has been put in issue by the government, and this Court finds that aspect of a possible release order has been satisfied.

As to the other component of Section 3143(b)(1)(A)--whether there is clear and convincing evidence that Jung is unlikely to flee--the government points to a number of factors that it says demonstrate a risk of flight. For his part, Jung contests that vigorously, and he also offers to abide by any additional conditions that this Court might consider reasonably necessary to assure his surrender if his custodial sentence stands. Under the circumstances, however, this Court finds it unnecessary to resolve that disputed issue.

That is so because Jung clearly fails to satisfy the other essential precondition to release, as imposed by Section 3143(b)(1)(B). In relevant part that subsection requires this Court to find:

> that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
>
> (i) reversal,
>
> (ii) an order for a new trial....[1]

---

[1] [Footnote by this Court] Neither of the other two alternatives spelled out in that subsection is arguably in play.

2

In that respect both sides cite to and seek to rely on <u>United States v. Bilanzich</u>, 771 F.2d 292, 298-99 (7th Cir. 1985), which places on Jung the burden of showing that an issue raised on appeal is likely to result in reversal or an order for a new trial--a probability test that depends on the existence of a substantial question of law or fact: "one that is in 'close question' or one that very well could be decided the other way" (<u>id.</u> at 298 (some internal quotation marks omitted)).

As stated earlier, this Court was not present during the trial, so that it lacks the obvious advantage that Judge Lefkow would have had if the two issues now raised by Jung's counsel had been posed to her. But both sides have provided the detailed input needed to evaluate those issues, which are:

    1. whether it was reversible error for Judge Lefkow to have admitted, pursuant to the nonhearsay provision of Fed. R. Evid. ("Evid. R.") 801(d)(2)(D), the statement of Jung's then attorney James Fox; and

    2. whether Judge Lefkow erroneously refused to give a proposed jury instruction that Jung had relied on his accountant Roger Householder for his advice on accounting and reporting matters.

Jung fails to carry his burden as to either of those issues.

As for the Fox statement, it satisfies all of the criteria under Evid. R. 801(d)(2)(D). On appeal the standard of review of

3

that ruling by Judge Lefkow would be "clear abuse" of her "considerable discretion" (United States v. Harris, 914 F.2d 927, 932 (7th Cir. 1990))--and no such abuse has been shown. And as the United States correctly states in a belt-and-suspenders supplement to that point (which is itself sufficient to dispatch Jung's contention), any conceivable error in that respect was harmless in all events in the context of the entire trial.[2]

As for the jury instruction issue, the government points out both that Jung failed to make full disclosure to his accountant, thus causing the figures provided to the accountant to be fraudulently inflated, and that nothing in the record supported a basis for good faith reliance on any advice Jung could have obtained from the accountant. In both respects United States v. Brimberry, 961 F.2d 1286, 1290 (7th Cir. 1992) torpedoes Jung's contention. And to drive another nail into the coffin of that argument, the United States correctly points out that the test for jury instructions is that they be fair and adequate as a whole, a matter as to which Jung has no arguable dispute.

## Conclusion

For the reasons stated here, this Court denies Jung's motion to be released pending appeal. It is therefore prepared to issue a judgment and commitment order conforming to the sentence that

---

[2] Jung's argument based on Evid. R. 403 and his position that the claimed error was of constitutional magnitude have no force.

4

it pronounced orally at the end of the May 25, 2005 sentencing hearing. This case will be set for a prompt status date for that purpose.

　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　Milton I. Shadur
　　　　　　　　　　　　　　　Senior United States District Judge

Date: July 12, 2005